First is No. 22-1184, Frazier v. McDonough. Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Ms. Jeanine Frazier, who is the daughter of the veteran Clarence Frazier, who died during the proceedings before the Veterans' Court. At issue in this appeal is a question of regulatory interpretation, specifically VA Regulation 38 CFR 4.59, and whether or not the Veterans' Court, in a precedential opinion in Sowers v. McDonough, misinterpreted the provisions of that regulation. We believe that the Veterans' Court did so, and in this case, the single judge relied upon the Sowers' decision to affirm the decision of the Board not to award a compensable rating to Mr. Frazier. The basic issue in this case is whether or not the language of 4.59 is clear and unambiguous, and whether or not it requires the assignment of a minimum compensable rating for a joint when there is painful motion. There is no dispute in the facts of this case that there is painful motion. There was evidence of painful motion. I appreciate your argument. So how are we, not just to read, I want to go beyond just the language of 4.59 and your view of how 4.59 interacts with all the diagnostic codes. Does it supersede them? Does it interact with them? Or is it just a standalone, that you don't even have to reach the diagnostic codes? This, in and of itself, establishes the right to a rating. Well, given those options, I would choose the last option, which I believe is a standalone mandatory obligation on the part of the Secretary when there is evidence, as there is in this case, of painful motion in a joint, that that requires the minimum rating. The minimum rating, compensable rating, is 10%. I do not believe that there is any requirement for consideration of any other diagnostic code and that this regulation dictates the outcome without needing to rely upon or even consider any other diagnostic code. I would point out further. Is the contention that this itself is a diagnostic code? I'm sorry, yes? Is the contention that this itself is a diagnostic code? I suppose it could be interpreted that way, Your Honor. It certainly contains the language that expresses a clear intent that the schedule is to recognize painful motion as a disability, and therefore as a disability anytime there is such evidence, the veteran is entitled to at least the minimum compensable rating. So this provision supersedes or overrides anything in the diagnostic code? I believe it does. This seems like an issue that is pretty potentially widespread and occurs a lot in terms of the pain in the joint motion. And Sowers was in 216. I mean, I think you might say, well, nobody's brought this to our, this hasn't percolated up again because everybody just went to bed on Sowers. But we've never just, if this, why hasn't this come up before? If your reading is arguably right, then this would have affected thousands and thousands and thousands of cases. I have no answer to that question other than the Supreme Court's observation. Actually, I believe it was this Court's observation in Gardner that prior to judicial review, the regulations of the VA aged quite nicely because there was no judicial review. And unfortunately, this issue has not been raised before. It was raised in Sowers. Sowers was not appealed to this Court. And so it became the controlling precedent that controlled the single-judge disposition in this matter. But that does not remove the fact that there isn't any ambiguity in this regulation. Let me see if I understand what you're saying. You're saying, in effect, that because 10% is the lowest compensable rating that the VA can assign in any instance, that that is the compensable rating for pain no matter what. It's always going to be 10%. I think that was the answer you gave earlier. It's going to be at least 10%. Well, but where do you get the higher number if you're not looking at the diagnostic codes? It seems to me in order to get, let's say, a 20% or a 50%, you have to start with the diagnostic code that says the minimum is 50%, right? Well, Your Honor, it's interesting that you presented that. I didn't know if my question was clear. No, I believe it is. But what it raises is an acknowledged, I don't want to say defect, but omission in the creation of the rating schedule. And that's addressed by the VA by regulation and provides for rating by analogy. There is no rating code for pain. No, I understand that. Even though this regulation, I believe, requires that. But there is a rating code for his particular condition which has a compensable rating of zero. I don't believe so, Your Honor, because the diagnostic code that's being used is for limitation of motion, not for painful motion. No, I understand. But for the condition of limitation of motion, I think we can all agree that the right diagnostic code was, what was it? 5,280? 5,230? 5,230, I think it was, right? Yeah. Yeah, 5,230. So that appears to be the... Yes, probably. Right, okay. Yes. And what you're saying is, are you saying, it's one of two things, either you start with 5,230 because that's his condition and then you ask the question of what's the minimum. And you say, well, the minimum is actually not zero, which is specified in 5,230, but it's 10% because that's the lowest that can be awarded by the VA in any case, right? I believe, Your Honor, the distinction here doesn't have any difference because whether you start with 4.59 or you start with the diagnostic code, you always arrive at the same place, which is if there is evidence of painful motion, then the minimum compensable rating must be assigned. And what I'm trying to get at is, is that always 10% or is it the minimum within the diagnostic code that applies to the particular disability? Since the diagnostic code does not address that, Your Honor, then the VA is going to be required either to write a regulation that defines the level of severity of pain in terms of rating for the loss of impairment resulting from pain, which does not currently exist, or they're going to have to rate by some analogous existing diagnostic code to rate more than 10%. Can I just ask, looking at 5,228, which is some limitation of motion, they don't seem to include the word pain. They do not. So for stuff, 5,230 is a zero rating, but 5,228 has a 20% rating. Is it your view that the pain would then add another minimal 10% or as long as there's some rating that you get outside of the pain threshold, then that's the rating you have, that this 54.79 only applies if you would otherwise under the codes get a zero? I believe the plain language of the intent of the schedule is to recognize painful motion with the joint as productive of a disability means that a 10% rating, a minimum rating, will be assigned for that painful motion. So that would be in addition to any rating based upon any other limitation. So everything else in the code, even other than the 5,200 series, which deals with a lot of range of motion for various fingers, whatever that is, even if it already has 10%, 4.79 gives you an extra 10% just for the pain aspect. Yes. It seems to me part of your problem is that some of these diagnostic codes mention pain themselves. They do. It seems a little odd to have two separate provisions dealing with pain. Well, with all due respect to the secretary, I don't find that odd. I find that entirely consistent with the regular appearance of inconsistencies within the secretary's own regulations. So I don't think the oddity of it should have any effect on interpreting the plain language of a regulation that has, as Judge Crow suggests, been on the books for quite some time, that is clear and unambiguous and states that you're going to get at least a minimum rating, which must be 10% under the available rating schedule under 1155. Well, I don't think it really says that you get it. It says that the instruction of the secretary, right? No. No, it says that the intention is to recognize actual painful due to at least As entitled to. Yeah. At least a minimum compensable rating for the joint. What does the joint mean in this context? That's pretty vague. Why? I mean, does it mean, in other words, where would I try to find the minimum compensable rating for the joint other than in the diagnostic codes? You'd go to 1155, Your Honor. 1155 sets out the sequential ratings. I'm sorry, 1114. I apologize. It's not 1155. It's 1114, and it sets out the sequential ratings beginning with 10% and ending with total. Well, yes, but it doesn't have anything to do with joints. It's not part of the joint. Because the intention is to apply that criteria when you're assigning a rating. But then we're back to your initial point that what the regulation really means, or what I understood to be your initial point. What the regulation means is that it's always 10%. Yeah. Well, it's always at least 10%, Your Honor. And when is it more? When would it be more if all you have is pain? What would you look to as an indication that it should be higher? The same thing you would look for in any other evaluation of a disability. That is the degree of severity, the impairment of the veteran's earning capacity. And if that pain is mild or intermittent, that may be only the minimum rating. But if that pain is regular and persistent, then that would be entitled to a higher rating as mandated by Congress in 1155 to create the rating. You wouldn't look at the diagnostic codes at all for that purpose? Well, you would look at them to see if there is one. And as Judge Dyke pointed out, there are some diagnostic codes that reference pain. But in this particular diagnostic code, in which the VA relied upon to award a non-compensable rating, there is no reference to pain. Well, is there contention that maybe under these diagnostic codes that mention pain you could get higher than the minimum rating? Honestly, Your Honor, since that's not an issue in this appeal, I really don't know. What Mr. Frazier, I believe, is entitled to was a minimum rating for each of the fingers that were recognized as a disability at the minimum rating of 10%. But as I said, just to clarify the question I asked you before, because it just expands the universe of cases that will be an issue here, even in diagnostic codes that involve motion of joints, that award a rating of either 10% or 20%, but don't use the word pain in that, you're saying this regulation then operates to give you an extra 10%. An enhancement, absolutely, Your Honor. So just to be clear about this, because I'm still having trouble with whether we're talking about 10% or some floating number above 10%. If you take, for example, diagnostic code 5219, that's for multiple digits, unfavorable ankylosis, that has ratings ranging from 40% to 20%. Now, is it your position that if pain were associated with that, you would get 20% or you would get more than 20%? You would get the initial 20% plus at least an additional 10%. And that would be calculated by the severity of the pain as perceived by the examiner? And as is discussed in the briefing, the VA provides by regulation under 38 CFR 3.321B1 for extra scheduler consideration to determine what that additional rating would be over the 10%. Okay. I thought that in our decision at Saunders, we said that pain was compensable because of its effect on function. You did, Your Honor. So you seem to be arguing for a separate theory of compensation for pain standing alone that doesn't affect function. No, I'm arguing that the plain language of this regulation identifies painful motion in a joint as being productive of a disability. So it answers the question that was answered in Saunders, whether or not pain is or isn't a disability. And it then goes on to say that a minimum rating of 10% will be assigned for any veteran who suffers painful motion in a joint. Okay. But my problem is this. In some of these diagnostic codes, loss of function is compensable. It doesn't refer to pain. But that would seem to me to subsume a rating based on pain, which impairs function. And what you're arguing for is for a 10% rating on top of that, whereas in fact there's duplication between the compensation for pain because it affects function and the compensation for function without regard. Well, this Court's not addressed that issue, but the Veterans Court has addressed that issue and has clearly said, and I believe there's a general counsel's opinion that also says, when there are different manifestations of a disability, each of those separate manifestations, so long as they do not overlap or are duplicitous, are entitled to a separate rating. So it is not a question. But you're dealing with an overlap situation where the diagnostic code says loss of function gives you such and such, and you're saying that on top of that, even though the pain is compensable because it results in loss of function, you get an additional 10%. Well, yes, Your Honor, I am saying that, but that's not the issue in this appeal. The issue in this appeal is does Mr. or did Mr. Frazier, was he entitled to the minimum rating of 10% in each of the two fingers in which the evidence clearly shows he had painful motion? And that's all that this appeal is about. Yes, there are ripple effects to that holding, but those are going to be matters that are going to have to be dealt with in another case. Any further questions? Thank you, Your Honor. Thank you, Mr. Farmer. We'll give you two minutes for rebuttal. Mr. Kerwin. Good morning, Your Honors, and may it please the Court. This Court should affirm the decision of the Veterans Court because the Veterans Court has correctly recognized since Sowers that Section 4.59 does not create what I'll loosely term a freestanding painful motion disability rating. So what does it do? I mean, the terms are quite explicit, and it doesn't seem like leaving a lot of room for discretion. So what does it do? What purpose does it serve? Well, first of all, it should be read in conjunction with the diagnostic codes themselves, and that's clear from the language of the regulation, which states. It doesn't state there should be a minimum 10% rating. That answer cuts both ways because read in connection with the codes, it has to be read. But I would think that makes sense for Mr. Carpenter as well. So if you have a 0% rating in 5230, you change that to a minimal compensable rating for the joint of 10%. No, Your Honor. That part I would not agree with. Respectfully, the language of the regulation says it is the intent of the schedule. So it makes clear that the primary vehicle here is the schedule, and that also is consistent with statute section 1155, which indicates that VA should create a schedule. As the Veterans Court has recognized, these precatory provisions and preparatory provisions add flexibility. They explain how to interpret the schedule. But if it says the intent of the schedule, that means that the schedule should be changed, right? So we have one that says the intent of the schedule is to give you a minimally compensable rating, and the schedule says your rating is zero. How do you reconcile those two? Well, I think the way to harmonize that goes through the example that we gave at page 12, footnote 6 of our brief. There are certain diagnostic codes under the schedule where this provision would operate to ensure that you get the minimum rating under that diagnostic code if there's painful motion. The example we gave was of a knee joint under diagnostic code 5261, where if you still had your full... And this is the same example that the Veterans Court gave. If you still had your full range of motion and you had pain, you wouldn't be eligible. That code, unlike 5230, has a range of compensable ratings that go from zero to whatever, more than zero. And the point is, if you still have your full motion under that code, you would only get zero. But with the addition of 4.59, if you have your full range of motion but you have pain in the joint, you would be eligible for not zero but the minimal compensable rating under that code. What this is not designed to do is take a code like 5230 that has no compensable rating for any amount of disability. The VA recognized Mr. Fraser's painful motion as a disability but rated it under a diagnostic code that says no matter what happens, if you're under this code, there's no... your rating is zero. And 4.59 is not intended to change that. What do you say to Mr. Carpenter's argument that under the statute, the minimum compensable rating is 10% and therefore there has to be at least a minimum compensable rating of 10% without regard to what the contents of the particular diagnostic code might be? Sure. A couple of different responses there. And I'll get to this in a moment but I think the argument has changed a little bit from what was argued before the Veterans Board. And I want to explain that but it doesn't answer your question directly. So let me answer that question directly. I mean, this court has addressed that issue, I think, in Wingard, this court's decision in Wingard, where the court said under the statute, which is section... the jurisdictional statute, 7252B, you can't really challenge the concept... the court didn't have jurisdiction to challenge the concept of... the court didn't have jurisdiction to interchange someone's challenge to the concept of 0% rating. What I understand Appellant's argument to be is that 1154 has ratings from 10% to 100% but it doesn't have a 0% and that's illegal. That's what the court addressed in Wingard and said, no, that's not something we have jurisdictional... So setting aside the jurisdictional issue, what do you think is the right answer to his argument on the merits of the statutory contention? I think the right answer here is that, jumping off what I said earlier, 4.59 comes into play if you have a diagnostic code that has 0 and more than 0 ratings, that if you have painful motion it explains that you're not going to get the 0, you're going to get the 10%, or then at whatever level your disability is rated under the code in conjunction with being attentive to the painful motion. But what 4.59 does not do is create a freestanding 10% disability rating for painful motion, period. If you're under a code that just says, no amount of disability under this code gets a rating greater than 0%, then that's the rating that the code provides. And that relates to how now Ms. Fraser's argument has changed on appeal. I think this is significant. What they were arguing below, and is consistent with our understanding here, is not that no matter what you get 10%. What they were arguing is that as a result of 4.59, that Mr. Fraser's condition had to be rated under a different diagnostic... that essentially even though he was correctly rated under 52.30, that you had to apply the compensable ratings under other diagnostic codes for this joint that had compensable rating amounts, so that even though he didn't have ankylosis, no one's arguing that he had ankylosis. But they were saying he has to be rated under the 10%, at least, that's available under diagnostic codes 52.19 or 52.23, because those provide the minimum. Let's stick with the argument that he's making here. Okay, fair. Let me see if I understand what you're saying as to what the right outcome under a different diagnostic code would be. Let's take 52.19, which has a minimum of 20%, not 10%. Sure. In your view, is the application of 4.59 to a case in which that were the diagnostic code that applied, the minimum compensable rating would be 20% or would it be the 10% referred to in the statute? No, it would be the 20%. 20%. So you look at the diagnostic code, you look at the smallest number under the diagnostic code, assuming that otherwise he doesn't have a higher rating under the diagnostic code, and then you pick that number, whether it's 0 or 10 or 20. Exactly. Yes, Your Honor. That's exactly our view. I don't understand your theories to how 4.59 works with the diagnostic codes. You seem to say that some has a role to play there. What role does it have to play? That 4.59 has a role to play? What does that do? I think it does exactly what Judge Bryson was suggesting. If you're diagnosed under one of the diagnostic codes and you're also diagnosed as having painful motion, you're going to get the minimum under that code, whether it's 10%, whether it's 20%, whether it's 0%. I don't understand. What is 4.59 doing there? I mean, the code tells you what the ratings are. Well, that's the basic point, Your Honor. How does it change a result? Explain to me how it changes a result that would otherwise occur under the diagnostic code. Sure, that's the example that the Veterans Court gave and also the one that's in footnote 6 on page 12 of our brief. That dealt with knee pain. The diagnostic code for knee pain, which is 5261, is determined in terms of range of motion. So you could have a knee disability, but if you still have full range of motion, even though there are higher ratings under it, you might be rated at 0. In other words, a limited range of motion for a 5261 knee disability could be 10%, 20%. I'm not as familiar. But if you have full range of motion, you have 0. In conjunction with 4.59, that would mean you get at least the 10% rating for 5261. So this interpretation would apply only to diagnostic codes that have both 0 and higher numbers. Right, or higher numbers that are non-zero. Well, but if it only has higher numbers that are non-zero, I don't see how 4.59 has any effect at all. Because you get the minimum compensable rating. Suppose you had something like the one I was looking at, 5219, which is 20, 30, or 40. You would get 20, which is what you would get without pain. But your argument really only applies to diagnostic codes that have 0 and other ratings. So you're not going to be stuck at 0 in those cases. I mostly agree, Your Honor. I would suggest that it doesn't fail to apply in those instances. It just doesn't get you a higher rating because you're already getting one. The only thing I would add here... So your argument is this does have an effect. It isn't just a precatory provision. It does have an effect, but the effect is limited to those situations where the diagnostic code would otherwise give you 0. Well, again, the language of the rate... Did I state that correctly? Yes, Your Honor. No, really? Because 5230, the diagnostic code, would come under Judge Duke's definition. So maybe I misunderstood. It would arise when... I think the problem here is that there are some diagnostic codes that just have a 0 rating. And this regulation is a little... But in general, this is coming in to say it is the intention of the schedule. So it's pointing back. The schedule is the main vehicle, and that's consistent with Judge Bryson's hypothetical. The schedule is taking care of it fine. If the schedule is already providing a 20% rating and there's no 0% rating, then fine. But if the schedule does have, for example, a 0% rating and a 10% and a 20%, and you're rated under that code, if you have painful motion, you're at least going to get the 10%. What it doesn't do is take a code that has... Why doesn't your theory apply to this code, which has no rating? Because there's no rating at all under this. Well, it's not that there's no rating at all. This particular code says no matter... As long as you're correctly rated under this code, and there's no challenge to that here. That's a point I want to get to after answering this question. As long as you're under this code, the schedule has said this type of disability, it's zero rating no matter what. It's important to note here that we are not... Give me an example of a different situation where it would impact the rating. Different code. Again, I think the best example is that knee joint code. Well, what about... I'm just looking at 5230. So right above it is 5229, index or long finger, limitation of motion. And they have one, the gap, that gives you 10%. Or two, another gap, which gives you zero. So are you saying that 4.59 operates so that if you have pain, you're going to get the 10% under this? Correct. And again, it's important... Even if... I mean, the descriptions are quite precise. So even though you fit within the second of those, which is rated at 0% under 5229, you're going to get 10% because of 4.59? I suspect so, because it's under the same diagnostic code. Certainly that's our example under the knee provision. I'm not as familiar with this provision, but I think that's where we end up. I think it's important to note here again that we are not in the realm of rating by analogy. That's never been the argument. It has never been anyone's argument that this is outside the diagnostic codes. No one has challenged that 5230 was the correct diagnostic code. And in fact, that is an issue that is beyond this court's jurisdiction. This court's decision in Conway said that the... And the Veterans Court noted this in its decision below. I think it's at page 3 of the record. That the designation of the correct diagnostic code is an application of law to facts. An application of law to facts under Conway is not reviewable by this court, nor is the rating level. That's a pure factual question. Also not reviewable by the court. So the argument has never been... The interpretation of the regulation is reviewable. Yes, we agree. We agree. But the argument has never been that this is the wrong diagnostic code. This is the right diagnostic code. It's not challengeable. And this diagnostic code provides 0%. The argument was, well, 50 to 4.59 should supersede the diagnostic code and cause VA to give Mr. Frazier a rating under other diagnostic codes that everyone agrees are incorrect. The ones that provide for ankylosis or amputation, even though there was a factual finding below that he did not have either ankylosis or amputation. Maybe I'm being dense, but I'm not understanding your contention as to the scope of 4.59. You seem to agree that it has some mandatory and non-preparatory aspects. And you say it doesn't apply to this diagnostic code with a 0 rating, but it applies to other diagnostic codes that would result in a 0 rating, and jacks those up to 10%. What's the difference? I think that it applies to rating levels under a particular diagnostic code. We don't mean to suggest it's mandatory. I think the Veterans Court has recognized that this is prefatory language that provides guidance on how to interpret this. It provides guidance on how to interpret the codes under the schedule. The VA recognized that it is the intention of the schedule with conditional language that has to be read in conjunction with and limited by the codes itself. But what it does is it provides guidance to say if you're under a code where there are different rating levels, 0, 10%, 20%, the code read in conjunction with Section 4.59 is probably going to get you to a 10% rating. For example, if you have pain, again, the knee example, if you have pain, still have a full range of motion, that can get the VA to 10% because you can treat the pain as productive of a 10% disability. What it doesn't allow you to do is go to a completely different diagnostic code and say we need to treat this... What does the knee rating say? Is it set forth here? No, I don't think anyone's quoted it, but we cited the relevant provisions of PAGE. What does it say? My understanding of it is that if there's a full range of motion, it's a 0% rating. Some limitation of motion provides ratings that are compensable. A full range of motion is a 0%, but you're saying it gets increased to 10% if there's pain? Yes, that's what we're saying. In other words, under the diagnostic code, I'm not saying that's under the diagnostic code. What I'm saying is, under the diagnostic code, if you have a full range of motion, you're getting 0%. It seems to me, to come back to the question I asked earlier, I think everything you're saying is consistent with this characterization of your position. Tell me if it's not. It seems to me you're saying that the regulation has an effect for a disability that would fall under a diagnostic code that has both 0% and other compensable levels. Otherwise, it would have no effect. Now, my question is, is that true if it has, like, 20%, 30%, 40%, and so forth, but no 0%? Would you always get 20% or would you get 20% plus some optional increase? No, we very much disagree. I mean, this is the first time I've heard that theory from appellants that it provides kind of a 10% add-on to the minimum. Right, right. Okay, you say that's not true. Am I correct in thinking, then, that the operation of this regulation is limited, in effect, in practical effect, to only those cases in which there is both a 0 and some higher compensable level? Yes, I think the key word is there in practical effect. I think that in the case where there's, say, a minimum of 20% and no 0, that 4.59 and the diagnostic code would be in harmony, so there would be no practical effect. But that's also consistent with the regulation because the regulation language itself is just talking about the intention of the schedule. So if the schedule is already accomplishing  then there's nothing for it to do. So you say 4.59 is as entitled to at least the minimal compensable rating for the joint. So you're saying when there is a minimal compensable rating for the joint, you're entitled to at least that, which is consistent with both answers to Judge Bryce's question. Yes, yes, yes. And it would be a lot clearer, I guess we can all agree, if this regulation, instead of saying for the joint, had said within the diagnostic code for the particular disability suffered by the veteran. Agreed, Your Honor. Nonetheless, it is... Has anybody given any thought to perhaps changing that? That's well beyond my pay grade, Your Honors, but I will say, and to sum things up, that that's why generally courts, including this court, the Supreme Court, read regulations and statutes in conjunction with the broader regulatory scheme. And in fact, in some sense, Your Honor's last question relates to this court's most recent decision in, I think it was called Martinez-Bodine or Bodine, which further clarified Saunders, which simply made clear that, you know, when you're dealing with a situation where you're not outside the schedule, but, you know, the court said, look, we understand what we're doing with Saunders, that disability, that pain can constitute a disability under Section 1114, but here we have a rating that applies, and so we're going to apply those ratings and not go beyond that. And that's consistent with what we are asking here. Again, there's no challenge that 5230 was the correct rating, and even if there was, that would be beyond this court's jurisdiction. And so here, when 5230 says there's no compensable rating level under this at all, the best way to interpret the regulation is you get the minimum under the Diagnostic Code. The minimum and maximum under the Diagnostic Code is zero. VA has just recognized that the fourth and fifth fingers, a disability in those fingers is not productive of the type of disability that requires compensation. Okay, let's see. Any colleagues have questions? They don't seem to, but I'll come. Thank you. Thank you. Mr. Parkin, please, two minutes. Please, your Court. What is most troubling about what you heard from the government is that they are not defending their own regulation. The Secretary wrote this regulation. The Secretary provides, as he is supposed to, for the extraordinary circumstances for veterans who are injured. And he said, unambiguously, that veterans shall be entitled to at least the minimum compensable rating for the joint. He has two joints, two fingers, that meet that criteria, and he gets a zero percent rating. That can't possibly be the correct interpretation of 4.59. The Secretary says to you, but he doesn't have ankylosis. He doesn't have limitation of motion. What he has is painful motion. So this Diagnostic Code doesn't apply. So your theory is any kind of pain regardless of the effect on function, that he gets a 10 percent rating? Yes, because this regulation defined painful motion as a disability. And under 1110 and 1131, a disability is compensable. Not non-compensable, but compensable. The whole purpose of the rating schedule is to compensate people for functional disabilities. And Saunders' case, which we discussed earlier, says that pain is compensable because it affects function. And you're saying you get compensation even if there was no effect on function, simply because there was pain. Because that's what the regulation says, that it is productive of a disability. A disability is compensable. If it wasn't a disability, it could not be compensable under 1110 or 1131. How can that be a disability without an effect on function? Because the Secretary made a decision in the regulation he wrote that every joint that has painful motion is entitled to at least the minimum compensable rating. And that was the language unambiguously used by the Secretary. And the Secretary can't walk away from that language by saying that there are other circumstances in which this would apply. This is when it applies. And this veteran was entitled to a minimum compensable rating for each of his two joints. Unless there's further questions from the panel. Okay, thank you, Mr. Perlman.